PER CURIAM.
The plaintiffs, Rowlands, appeal from a summary final judgment for the defendant, Eric Wolf. The appellee, Steffi Wolf, was dismissed from the case by the final judgment and no error was assigned to that part of the judgment.
A complaint was filed by the plaintiffs on February 21, 1964, alleging, inter alia, that the defendant borrowed various amounts of money in 1959 and 1960; that these loans totaled $20,000.00, and that the defendant orally promised to repay the same within one year from date of the last amount, which was borrowed on June 7, 1960.
The defendants’ answers denied that these were loans, asserting instead that they were contributions to a j oint venture known as Eric’s Gems, Inc., wherein the parties were stockholders. The defendants also set up the further defense that the plaintiffs’ claim had been barred by the statute of limitations.
After depositions were taken of the plaintiff, J. J. Rowland, and the defendant, Eric Wolf, the defendants moved for a summary final judgment, alleging, inter alia, that the obligation was affirmatively barred by the statute of limitations. The plaintiffs filed an affidavit in opposition to the motion for summary final judgment, *48 and the court thereafter entered an order granting the plaintiffs an additional ten days in which to file further affidavits in opposition to the defendants’ motion for summary final judgment. The plaintiffs then filed an additional affidavit in opposition to the motion for summary final judgment. This second affidavit was filed after the ten day period had expired, and the defendants filed a motion to strike this affidavit. Upon final hearing, the court denied the motion to strike, dismissed the defendant, Steffi Wolf, as a party to the cause, and granted the defendants’ motion for summary final judgment, holding that there was no genuine issue of material fact and defendant was entitled to a summary judgment as a matter of law. The plaintiffs have appealed from the entry of this order.
The deposition of the plaintiff Rowland indicates that $5,000 cash was advanced to the defendant on or about March of 1959; that he received a written receipt for this money, and that it was to be used by Wolf for the purposes of purchasing stones in South America. He testified that an additional $10,000 cash was advanced to defendant on or about January of 1960, and he received another written receipt. The purpose of this advance was also for the defendant Wolf to purchase stones in South America. Rowland admitted that Wolf had purchased some stones in South America and had given them to him.
Plaintiff’s oral deposition is confusing as to whether the last $5,000 advanced in amounts of $1,000, $1,000 and $3,000 was loaned in 1960 or 1961. The checks from the plaintiff to the defendant for these respective amounts, are shown in the record (Plaintiffs’ Exhibits for Identification) as being dated, however, on March 13, 1960, May 2, 1960, and June 7, 1960. Rowland’s testimony states that all the monies loaned were to be repaid within one month.
From the deposition of the plaintiff, it would appear that the monies advanced were to be used for the purchases of stones in South America; that this was partially performed, and that the monies were to be repaid within one month from the date they were advanced. The plaintiff Rowland has never produced or offered into evidence any of these written receipts, although claiming that he had them.
It appears that the plaintiff’s claim to these monies is barred by the statute of limitations, Section 95.11(5) (e), Florida Statutes, F.S.A., which requires that such action must be commenced within three years from the date of the obligation. This would be within three years from July 7, 1960, or prior to July 7, 1963, and this suit was filed February 21, 1964.
The second affidavit filed in opposition to the motion for summary final judgment contained the following allegations:
* * * * * *
“1. That the Defendants did borrow and receive from the Plaintiffs a sum of money in excess of $20,000.00 during the year 1960. That in a letter dated May 25, 1961 Defendant ERIC WOLF reassured and reaffirmed his intentions of repaying the Plaintiffs, wherein he stated r
“1 * * * I told you often before,, that I would never let you down and would work like a dog to recover for you what you might have lost. This I promise you again. I must find my health and when I am well again, I like to start to pay you off, month after month. You might then give me the merchandise I left to sell and to> satisfy you.’
“And further in said letter the Defendant stated:
“ ‘ * * * I hope you find a way to resolve the few problems you confront, but be assured that I will compensate for everything lost for you as soon as my health lets me get to work again. Forgive me now, that it all occurred, I had no ill intention.’
*49 “2. Plaintiffs say that Defendant’s repeated assurance of repayment of the obligation in writing took the.matter out of the statute relied upon by Defendants as a bar to this claim.”
* * * * * *
Rowland contends that this affidavit removes the matter from the statue of limitations. We do not so construe the affidavit, inasmuch as it refers to a letter which was not attached to or made a part of the aforesaid affidavit. There is no specific mention in the affidavit concerning the alleged $20,000; the date thereof, or the dates upon which the same were to be repaid. It appears that this affidavit contains no facts which would be admissible in evidence, and therefore violates Rule 1.36, Florida Rules of Civil Procedure, 30 F.S.A.
Accordingly, the judgment of the trial court is hereby
Affirmed.